**MANHATTAN TANKERS, INC.,**
**Plaintiff,**

v.

**Elizabeth H. DOLE, et al., Defendants,**

**and**

**Ogden Challenger Transport, Inc.,**
**Intervenor-Defendant.**

**Civ. A. No. 83–3628.**

United States District Court,
District of Columbia.

June 29, 1984.

---

William E. McDaniels, Kevin T. Baine, F. Lane Heard, III, and Steven R. Kuney of Williams & Connolly, Washington, D.C., for plaintiff.

Scott T. Kragie, Asst. U.S. Atty., Washington, D.C., for defendants.

Philip W. Buchen, Hugh N. Fryer, Dierdre A. Burgman, and Craig S. King of Dewey, Ballantine, Bushby Palmer & Wood, Washington, D.C., for intervenor-defendant.

## OPINION

CHARLES R. RICHEY, District Judge.

### INTRODUCTION

This case involves a challenge by the plaintiff, owner of the oil tanker MANHATTAN, to the action of the Coast Guard in permitting the entry of a competitor, the oil tanker OGDEN COLUMBIA (formerly the ARKAS), into the United States coastwise trade pursuant to the Wrecked Vessel Statute, 46 U.S.C. § 14. Before the Court is a motion to dismiss, or in the alternative for summary judgment, plaintiff's cross-motion for summary judgment, supplemental memoranda, and the entire record herein. After careful consideration, and for the reasons stated below, the Court finds that the plaintiff has standing to bring this lawsuit and the defendants' motion to dismiss must be denied. The Court will rule on the cross-motions for summary judgment following oral argument by the parties.

### BACKGROUND

On March 31, 1982, the ARKAS, a foreign built ship then under Liberian flag, collided with a towboat on the Mississippi River, resulting in substantial damage to the tanker. In July of the same year, the ship was purchased by Avondale Shipyards, Inc. ("Avondale"), a subsidiary of the Ogden Corporation and at the time an affiliate of Ogden Challenger Transport. The pur-

chase price, including bunkers (engine fuel), was $7.75 million. Within days, Avondale requested that the Coast Guard determine that the ARKAS was a wrecked vessel qualified for documentation for employment in the coastwise trade under the Wrecked Vessel Statute, 46 U.S.C. § 14, and the regulations promulgated thereunder, 46 C.F.R. § 67.19–9. Section 27 of the Merchant Marine Act of 1920 ("Jones Act"), 46 U.S.C. § 883, requires that vessels engaged in the transportation of merchandise in the coastwise trade be built and documented under the laws of the United States and owned by American citizens. The Wrecked Vessel Statute, set out in full *infra*, allows documentation for the coastwise trade of a vessel wrecked in U.S. waters provided that the vessel was purchased by a U.S. citizen and repaired in a U.S. shipyard if a determination is made that the cost of the repairs is at least three times the salved value of the vessel. On November 17, 1983, a Certificate of Documentation was issued entitling the ARKAS (by then renamed the OGDEN COLUMBIA) to be employed in the coastwise trade. The plaintiff asserts that the Coast Guard's decision to document the vessel should be set aside because, *inter alia*, the proceedings pursuant to which the decision was made were tainted with bias, plaintiff was denied a meaningful opportunity to participate in the proceedings, and the decision was arbitrary, capricious, and an abuse of discretion.

### THE PLAINTIFF HEREIN HAS STANDING

■ The threshold issue before the Court is whether the plaintiff has standing to bring this lawsuit. The concept of standing invokes concerns of both constitutional and prudential dimension. Constitutionally,

Art. III requires the party who invokes the court's authority to "show [1] that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," * * * [2] that the injury "fairly can be traced to the challenged action" and [3]

"is likely to be redressed by a favorable decision" * * * * * *

*Autolog Corporation v. Regan,* 731 F.2d 25, 28 (D.C. Cir.1984) (quoting *Valley Forge Christian College v. Americans United for Separation of Church and State,* 454 U.S. 464, 472, 102 S.Ct. 752, 758, 70 L.Ed.2d 700 (1982) (citations omitted)).

The plaintiff meets the standing requirements of Article III of the Constitution. It operates a vessel, the MANHATTAN, in the coastwise trade. The challenged Certificate of Documentation allows the OGDEN COLUMBIA to directly compete with plaintiff's vessel. Thus, it will suffer competitive harm because of the defendants' action. *See Sea-Land Service, Inc. v. Dole,* 723 F.2d 975, 977–78 (D.C. Cir.1983).

■ The prudential consideration relevant here is whether the plaintiff's complaint falls *"arguably* within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." *Ass'n of Data Processing Service Orgs. v. Camp,* 397 U.S. 150, 153, 90 S.Ct. 827, 830, 25 L.Ed.2d 184 (1970) (emphasis added). While standing vis-a-vis the "zone" test is a difficult concept, the case law indicates that any doubts must be resolved in favor of the litigant seeking to assert his rights. The "test 'requires some indicia-*however slight*-that the litigant before the court was intended to be protected, benefited or regulated by the statute under which suit is brought.'" *Autolog,* 731 F.2d at 29 (quoting *Copper & Brass Fabricators Council v. Dep't of the Treasury,* 679 F.2d 951, 952 (D.C. Cir.1982) (emphasis added). This Court should "give broad compass to a statute's 'zone of interests' in recognition that this test was originally intended to *expand* the number of litigants able to assert their rights in court." Id. at 29–30.

The statute at issue here reads:

The Commissioner of Customs may issue a register or enrollment for any vessel wrecked on the coasts of the United States or her possessions or adjacent waters, when purchased by a citizen or citi-

zens of the United States and thereupon repaired in a shipyard in the United States or her possessions, if it shall be proved to the satisfaction of the Commissioner, if he deems it necessary, through a board of three appraisers appointed by him, that the said repairs put upon such vessels are equal to three times the appraised salved value of the vessel: *Provided*, That the expense of the appraisal provided for shall be borne by the owner of the vessel: *Provided further*, That if any of the material matters of fact sworn to or represented by the owner, or at his instance, to obtain the register of any vessel are not true, there shall be a forfeiture to the United States of the vessel in respect to which the oath shall have been made, together with tackle, apparel, and furniture thereof.

Wrecked Vessel Statute, 46 U.S.C. § 14. On its face, the statute seeks to protect the interests of American shipyards through its requirement that repairs be made in an American yard and amount to three times the vessel's salved value. And, it would seem to seek to protect the interests of American shipowners through its requirement that the wrecked vessel be American owned. But the Court's analysis is not limited to the Wrecked Vessel Statute itself.

In *Autolog, supra*, a group of plaintiffs (land carriers, United States-flag water carriers and a union representing seamen) challenged the legality of certain shipping services provided by a foreign-flag water carrier. The action was brought under Sections 289 and 883 of the coastwise shipping laws, 46 U.S.C. §§ 289, 883 (1976 & Supp. V 1981). Foreign-flag water carriers are barred by Section 289 from transporting passengers, directly or by a way of a foreign port, between U.S. ports, and by Section 883 from transporting merchandise between U.S. ports. The Circuit Court, in finding that the union had standing to bring the lawsuit, read Section 289 together with other statutory provisions of the coastwise trade laws and determined that "[t]he union represents the seamen whose livelihood Section 289 is meant to protect.

Thus, the union must be found within Section 289's zone of interests." *Autolog*, 731 F.2d at 30. Significantly, in reviewing the coastwise trade laws, the Circuit Court found that "[t]hese statutory provisions function together to ensure the American monopoly over *all* aspects of coastwise shipping...." *Id.* at n. 3 (emphasis added).

## CONCLUSION

 When the Wrecked Vessel Statute is read together with other provisions of the Coastwise shipping laws, specifically the Jones Act, 46 U.S.C. § 883, it cannot be said that the plaintiff is not *arguably* within the zone of interests the Wrecked Vessel Statute seeks to protect. The plaintiff is a Jones Act operator which, by law, does not have to compete with foreign owned or foreign built vessels in the United States coastwise trade. Accordingly, the plaintiff has standing and the defendants' motion to dismiss must be denied.